EL PUEBLO, DEMANDANTE Y APELADO, *v.* RIBERA, ACUSADO Y APELANTE.

No. 2325.—*Visto:* Diciembre 12, 1924. *Resuelto:* Diciembre 24, 1924.

ABUSO DE CONFIANZA—PRUEBA INSUFICIENTE.—Estableciendo meramente la prueba de cargo que la denunciante tenía una novilla a partir utilidades con el padre del acusado, que por encargo de aquél, éste la vendió en $30 y que la denunciante no recibió el importe de sus ganancias, es necesario concluir que tal prueba es insuficiente para sostener una sentencia por abuso de confianza.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado por delito de abuso de confianza. *Revocada y absuelto el acusado.*

*Martínez Nadal* y *Tormes & Colón,* abogados del apelante; *José E. Figueras, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una apelación contra una sentencia condenando al acusado, por un delito de abuso de confianza, a sufrir la pena de sesenta días de cárcel.

En la denuncia se imputa el delito alegándose que el acusado "ilegal, voluntaria y maliciosamente, habiendo recibido la encomienda de vender una novilla de ocho arrobas, en la cual tenía una participación de gananciales el padre del acusado, Celestino Ribera, se apropió del producto total de la

venta de dicha novilla, que montó a $30.00, sin rendir cuentas ni entregarle cantidad alguna a su dueño.''

El apelante sostiene que la denuncia en la forma redactada no contiene hechos constitutivos de un delito y que además la corte inferior cometió error al apreciar la prueba.

Estamos conformes con el apelante acerca de la vaguedad de la forma de la denuncia no estableciendo en términos claros y precisos la relación fiduciaria o de agencia entre el acusado y la denunciante, pero no nos detendremos en la discusión de esta cuestión porque la prueba es insuficiente para declarar culpable al acusado. El Fiscal en el acto de la vista analizó la prueba y se pronunció en tal sentido recomendando la revocación de la sentencia.

Basta decir que la prueba de cargo es tan confusa que en realidad infunde dudas y no se puede determinar ciertamente la culpabilidad del acusado. Parece desprenderse que la novilla fué entregada al acusado por su padre, quien tenía participación en la misma, y no por la denunciante, para ser vendida, y si ocurrió así, correspondía rendir cuentas al primero del producto de la venta. La prueba también tiende a establecer que un hermano y un hijo de la denunciante intervinieron en la negociación de la venta y que el comprador entregó al hermano el precio, pero habiendo surgido en el momento una discusión entre aquéllos y el acusado, el comprador volvió a tomar el dinero para entregarlo al acusado y que luego vió que dicho acusado entregó dinero al hijo de la demandante sin que supiere el montante de la cantidad.

Asimismo refiere Romualdo Vega, hijo de la denunciante, que quien hizo la venta fué su tío Alfonso Espada.

La prueba del acusado consistió en su propia declaración y la de un testigo y éstos corroboran la del comprador.

*Por lo expuesto, la sentencia inferior debe revocarse y dictarse otra absolviendo al acusado.*